IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JAMES E. WHITNEY                                                                                              PETITIONER

v.                                       Civil No. 5:19-cv-05054

WENDY KELLEY, Director,
Arkansas Department of Correction                                                                    RESPONDENT

**<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>**

Before the Court is the *pro se* Amended Motion under 28 U.S.C. § 2254 to Vacate, Set Aside, or Correct Sentence (ECF No. 6) filed by Petitioner James E. Whitney ("Whitney"). Arkansas Department of Correction Director Wendy Kelley ("Respondent") filed a Response (ECF No. 14). Whitney filed a Reply (ECF No. 18) and a Supplement (ECF No. 19).[1] The matter is before the undersigned for issuance of this report and recommendation.

## I.   BACKGROUND

On May 12, 2016, after a two-day jury trial in the Circuit Court of Washington County, Whitney was found guilty of eighteen (18) counts of possession of child pornography. (ECF No. 16-2 at 111-122, 124-128, 130). He was acquitted on two other counts. *Id.* at 123 & 129. The sentencing verdict of the jury was a term of imprisonment of 30 years on each count and a fine of $10,000 on each count. *Id.* at 131-150. The jury recommended that the terms of imprisonment run consecutively. *Id.* at 151. The following day, the Washington County Circuit Court entered

---

[1] Whitney mentions at various places throughout the record that he sent exhibits to the Court Clerk with his original petition. All documents sent to the Court Clerk by *pro se* parties are scanned into the CM/ECF system. If exhibits are missing, Whitney failed to submit them to the Court for filing.

1

a Judgment and Commitment Order sentencing Whitney to 30 years on each of the eighteen counts, with the terms to run consecutively, as well as a fine of $10,000 on each count.  *Id.* at 153-164.

Whitney filed a direct appeal to the Arkansas Court of Appeals raising two issues:  One, the sufficiency of the evidence regarding his possession of the computers at issue and regarding the age of the females depicted in the pornographic images; and Two, whether the Court erred in admitting into evidence transcripts of conversations in a Yahoo chat room.  *Whitney v. State*, 520 S.W. 3d 326 (Ark. App. 2017).  The Arkansas Court of Appeals affirmed the conviction.  *Id.* On June 21, 2017, Whitney's *pro se* petition for rehearing was denied and the mandate entered.  *Whitney v. State*, Ark. Ct. App., CR-16-964.

On May 24, 2017, Whitney filed in the Washington County Circuit Court a *pro se* petition for post-conviction relief pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure.  (ECF No. 15-2 at 18-26).  Whitney argued that his sentence was imposed in violation of the Constitution and laws of the United States or the State of Arkansas.  *Id.* at 18.  Whitney asserted various ineffective assistance of counsel claims.  *Id.* at 20-23.  He also asserted the following claims:  an illegal search; errors in the chain of custody of evidence; the misquoted and/or false statements used to suggest probable cause existed; the admission of the graphic pornographic images; and various other errors of the trial court.  *Id.* at 23-24.  On May 30, 2017, the Washington County Circuit Court dismissed the petition on the grounds that it failed to contain a verified affidavit as required by Rule 37.1(c).  (ECF No. 14-4 at 3).  Alternatively, the court ruled on the merits of the petition, finding that it consisted of conclusory statements without factual substantiation and failed to demonstrate either deficient performance or prejudice as required to establish ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984).

*Id.*

On appeal, the Arkansas Supreme Court first noted that the Rule 37.1 petition was filed before the mandate was issued on Whitney's direct appeal. *Whitney v. State*, CR-17-919 (Ark. Feb. 15, 2018)(ECF No. 14-4 at 1).[2] It held that the trial court lacked authority to rule on the petition until the mandate had been issued. *Id.* at 3. Moreover, without the verified affidavit, the court noted that "neither the trial court nor this court has authority to reach the merits of the Rule 37.1 petition." *Id.* It concluded Whitney could not succeed on appeal. *Id.* at 4. It treated the petition as a motion for rule on clerk and dismissed it. *Id.*

On January 12, 2017, Whitney filed a motion to proceed *in forma pauperis* ("IFP") on a habeas corpus petition in the Circuit Court of Lincoln County. *Whitney v. Kelley*, 40CV-17-60-5; (ECF No. 14-5 at 1). As summarized by the Lincoln County Circuit Court, Whitney raised the following grounds for relief: he was innocent; he is a sovereign and not subject to man's laws; prosecutorial misconduct; judicial misconduct; trial court errors; he was serving a defacto life sentence which was cruel and unusual punishment; and his attorney was ineffective. *Id.* On April 9, 2018, the Circuit Court granted Whitney IFP status. (ECF No. 14-5 at 1). On December 20, 2018, the Arkansas Supreme Court remanded the case for a supplemental order on the IFP petition that contained adequate findings of fact and complied with Rule 72 of the Arkansas Rules of Civil Procedure. *Whitney v. Kelley*, 562 S.W. 3d 208 (Ark. 2018). Upon remand, on January 15, 2019, the Circuit Court of Lincoln County held that while Whitney was indigent, he failed to allege facts indicating he had a colorable cause of action, as none of his claims were cognizable in

---

[2] The slip opinion submitted as an exhibit indicates it should be cited to as 2018 Ark. 42. However, when that citation is accessed on Westlaw, the case that comes up is *Johnson v. State*, 2018 Ark. 42, 538 S.W. 3d 819 (Ark. 2018).

3

habeas. (ECF No. 14-5 at 1-2). The IFP motion was denied and Whitney was instructed that he had to pay the filing fee and associated costs to commence his case. *Id.* at 2.

Whitney filed an appeal from the denial of IFP status. *Whitney v. Kelley*, CV-18-384. However, he sought leave to file a brief not in conformance with the rules of the Arkansas Supreme Court. *Id.* He was not granted leave to do so. *Id.* On February 6, 2020, the appeal was dismissed based on his failure to file his brief. *Id.* The merits of the habeas petition were not addressed. *Id.*

On June 16, 2017, Whitney filed a writ of error coram nobis[3] with the Circuit Court of Washington County. (ECF No. 14-6 at 1). The circuit court ruled that because Whitney had appealed his conviction, the court had "no jurisdiction to hear" the petition. *Id.* Whitney appealed the denial to the Arkansas Supreme Court. *Whitney v. State*, 2018 Ark 138 (Ark. 2018)(not in S.W.3d). The Supreme Court held that "[t]he trial court cannot entertain a petition for writ of coram nobis after a judgment has been affirmed on appeal unless this court grants permission." (ECF No. 14-7 at 1). The Court noted that when Whitney filed his petition, he had "not sought, much less obtained, this court's permission to reinvest jurisdiction in the trial court to file a petition for writ of error coram nobis or any other similar relief." *Id.* at 2. The decision of the circuit court was affirmed on April 26, 2018. *Id.* at 1. Whitney's petition for rehearing was denied on June 7, 2018. *Id.*

On February 8, 2018, Whitney filed a petition to correct an illegal sentence in the Circuit Court of Washington County. (ECF No. 14-8 at 1-38). On February 12, 2018, the court

---

[3] Whitney actually entitled his petition as one for a writ of coram vobis. (ECF No. 14-7 at 1). However, the Arkansas Supreme Court noted that the writ coram vobis had been abolished and the writ was properly treated as a writ of error coram nobis.

4

dismissed the petition "for failure to state facts upon which relief can be granted and for want of jurisdiction." (ECF No. 14-9). On February 20, 2020, Whitney's appeal of this order was dismissed based on Whitney's failure to follow the appellate briefing schedule. *Whitney v. State*, Ark. Sup. Ct. CR-18-418.

Whitney filed this federal § 2254 habeas corpus petition on March 21, 2019. Respondent concedes Whitney is in custody pursuit to the child pornography convictions. Respondent also concedes that Whitney has no unexhausted, non-futile state remedies available to him.

## II. DISCUSSION

### A. Grounds Asserted

As grounds for relief, Whitney alleges the following:

**Ground One:** Actual Innocence;

**Ground Two:** The Trial Court lacked subject matter jurisdiction as the statute of limitations had expired before the filing of the charges;

**Ground Three:** The Trial Court lacked *in rem* and *in personam* jurisdiction;

**Ground Four:** The consent given by his now ex-wife to search the computers was illegal;

**Ground Five:** There were breaks in the chain of custody for the computers as well as improper procedures;

**Ground Six:** Exculpatory evidence was withheld by the prosecutor and investigating detective;

**Ground Seven:** The source of the evidence used at trial was suspect;

**Ground Eight:** The Trial Court published visual evidence to maliciously interfere with the cross-examination of Detective Schrock;

**Ground Nine:** The Trial Court erroneously admitted into evidence the Yahoo chats that constituted "privileged papers;"

5

**Ground Ten:**   The Trial Court erred in denying the motion for directed verdict in part based on the illegal submission of the Yahoo chats;

**Ground Eleven:**   The Trial Court had no jurisdiction to impose sanctions on more than one count of conviction as the counts were duplicative;

**Ground Twelve:**   The sentence imposed was a clear deviation from the statute, Ark. Code Ann. § 5-27-602;

**Ground Thirteen:**   The Trial Court departed from the criminal information when it allowed the prosecutor to use prior misdemeanor convictions to increase the penalties by using the habitual offender enhancement;

**Ground Fourteen:**   Ineffective assistance of counsel in not providing Whitney assistance to navigate the trial in his best interests and not allowing him to be actively involved in the preparation or presentation of the case;

**Ground Fifteen:**   The jury pool was not an accurate reflection of the Washington County population;

**Ground Sixteen:**   The layout of the courtroom was prejudicial to the defense—defense table sits along the periphery of the jury box;

**Ground Seventeen:**   The sentence imposed was not an equitable sentence and amounts to more than life without the possibility of parole;

**Ground Eighteen:** The Trial Court erred in revoking Whitney's pre-trial bond without a hearing or an opportunity to oppose the Respondent's motion;

**Ground Nineteen:**   The Trial Judge made improper comments, facial gestures, or "indications" about Whitney not testifying.

(ECF No. 6).

Respondent argues:   (1) Whitney's § 2254 petition is time-barred; (2) grounds 1-9 and 11-13 do not assert cognizable claims; and (3) alternatively, that each of the grounds 1-9 and 11-19, are procedurally defaulted, with the sole exception being ground ten.

### B.   Timeliness—One-Year Limitation Period

A one-year statute of limitations applies to the filing of § 2254 petitions.   *See* 28 U.S.C. §

6

2244(d)(1). The limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Whitney's direct appeal was denied on May 24, 2017. *Whitney v. State*, 520 S.W. 3d 326 (Ark. App. 2017). Whitney's petition for rehearing was denied on June 21, 2017, and the mandate issued. *Whitney v. State*, Ark. Ct. App. CR-16-964. Whitney had ten calendar days to file a petition for review after the end of the Court of Appeals rehearing period—ten calendar days from June 21, 2017, is July 1, 2017. Ark. R. Sup. Ct. 2-4(a). *See also Gonzalz v. Thaler*, 565 U.S. 134, 150 (2012)("because [petitioner] did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired"). This § 2254 petition was filed on March 21, 2019. Thus, unless the one-year statute of limitations was tolled or the miscarriage of justice exception applies, the statute of limitations would bar this action.

### (1). Statutory Tolling

Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Respondent maintains that Whitney's post-judgment motions did not toll the one-year statute of limitations. (ECF No. 14 at 5-9). With respect to the Rule 37.1 petition, Respondent contends that since it was unverified, it was not properly filed, and did not toll the one-year period. The Court of Appeals for the Eighth Circuit addressed this precise issue in *Nelson v. Norris*, 618

F.3d 886 (8th Cir. 2010). The Eighth Circuit rejected the petitioner's claim for statutory tolling because the Arkansas Supreme Court had held that the Rule 37.1 petition was not properly verified. *Id.* at 892. *See also Artuz v. Bennett,* 531 U.S. 4, 8 (2000)("an application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits for its delivery, the court and office in which it must be lodged, and the requisite filing fee")(internal citations and footnote omitted). In *Nelson,* the Eighth Circuit concluded that because the Rule 37.1 petition had been found to be not properly filed by the Arkansas Supreme Court, "that is the end of the matter." *Nelson*, 618 F.3d at 892 (citation omitted). The same situation exists here, Whitney's Rule 37.1 petition did not toll the one-year statute of limitations.

Similarly, Respondent contends Whitney's state habeas action did not toll the one-year period because he was denied IFP status and did not pay the filing fee. In *Runyan v. Burt*, 521 F.3d 942 (8th Cir. 2008), on April 14, 2000, Runyan mailed a motion for post-conviction relief to an Iowa court. *Id.* at 943. An order was entered directing Runyan to pay an initial partial filing fee before the clerk would file the motion. *Id.* Additionally, the order noted that the motion did not bear an original signature and was not verified as required by the law. *Id.* The Eighth Circuit noted that "[t]he time between the date direct review of a conviction is completed and the date an application for state post-conviction relief is filed does not toll the AEDPA one-year statute of limitations." *Id.* at 944. It noted that Runyan did not meet the Iowa filing requirements until May 24, 2000, on which date his motion was "properly filed." *Id.* Unfortunately for Runyan, his failure to meet the filing requirements until May 24, 2000, rendered his § 2254 petition untimely by twenty-one days. *Id.*

8

In the present case, Whitney's application to proceed IFP was denied by the Lincoln County Circuit Court. (ECF No. 15-5 at 2). Whitney was advised that to commence his case he had to pay the full filing fee and all associated costs, which he did not do. *Id.* Whitney's state habeas petition was never considered properly filed by the Lincoln County Circuit Court. It therefore did not toll the one-year limitation period.

Whitney additionally filed a writ of error coram nobis, a motion to correct an illegal sentence, and a petition for dismissal of fines, fees, and costs.[4] The Washington County Circuit Court dismissed the writ of error coram nobis on the grounds it had no jurisdiction to hear the petition because Whitney had appealed his conviction. (ECF No. 14-6 at 1). On review, the Arkansas Supreme Court affirmed noting that Whitney had not sought permission from the Supreme Court to reinvest jurisdiction in the circuit court, which therefore had no jurisdiction. *Whitney v. State*, 2018 Ark. 138 (Ark. 2018). The appeal was dismissed. *Id.* Clearly, the writ of error coram nobis was not properly filed and did not toll the one-year period.

On February 9, 2018, Whitney filed a motion to correct an illegal sentence. (ECF No. 14-8 at 1-38). On February 12, 2018, the motion was denied for want of jurisdiction and failure to state facts upon which relief can be granted. (ECF No. 14-9 at 1). On May 10, 2018, an appeal was lodged with the Arkansas Supreme Court. *Whitney v. State*, Ark. Sup. Ct. CR-18-418. Whitney's brief was due on June 19, 2018. *Id.* On February 20, 2020, the appeal was dismissed based on Whitney's failure to follow the court's briefing schedule. *Id.* Whitney's appeal was never properly filed as he failed to comply with the rules of the Arkansas Supreme Court with respect to filing his brief.

---

[4] Whitney also filed a motion for return of seized property. *Whitney v. State*, 2018 Ark. App. 128 at 1-2 (Ark. App. 2018). However, it is not a motion for post-conviction relief as set forth in 28 U.S.C. § 2244(d)(2).

9

Respondent also argues the motion to correct an illegal sentence was untimely filed as it was filed more than sixty-days after the date the mandate was issued. In fact, the motion was filed more than seven months later. Whitney argues the motion was timely filed because he initially tendered his *pro se* motion to the trial court on or about June 2, 2016. However, the trial court did not file the motion since Whitney was at the time represented by counsel. It therefore was not properly filed and could not serve to toll the statute of limitations.

Whitney's final post-conviction motion was a petition for dismissal of the fines, fees, and costs, imposed at sentencing. *Whitney v. State*, 535 S.W. 3d 628 (Ark. 2018). The petition was filed more than a year after the judgment of conviction was entered. *Id.* at 628. The Arkansas Supreme Court held that the "petition for dismissal did not provide a basis for the trial court to grant relief." *Id.* at 628. It noted that "a trial court loses jurisdiction to modify or amend an original sentence once the sentence is put into execution. *Id.* As such, it held the appeal could not succeed. *Id.* Clearly, the petition for dismissal of fines, fees, and costs, did not toll the statute of limitations.

In sum, Whitney's post-conviction motions do not provide a basis for the statutory tolling of the one-year statute of limitations.

### (2). Equitable Tolling

Respondent also argues there is no basis for equitable tolling. (ECF No. 14 at 8-9). Respondent maintains that nothing prevented Whitney from filing his federal habeas petition on time. *Id.*

In *Holland v. Florida*, 560 U.S. 631, 645 (2010), the Supreme Court held that the AEDPA's statutory limitations period was "subject to equitable tolling in appropriate cases." *Id.* "[A]

10

petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Id.* at 649 (internal quotation marks and citation omitted).

Whitney first asserts that his § 2254 petition was not untimely. (ECF No. 18 at 4). However, he provides no explanation of why he considers it to have been timely filed. *Id.* Next, Whitney presents no argument that the statute of limitations should be equitably tolled. *Id.* Thus, there is no basis for the equitable tolling of the one-year statute of limitations.

**(3). Miscarriage of Justice/Actual Innocence Exception to the Bar of the One-Year Statute of Limitations**

Whitney argues that the miscarriage of justice exception overcomes the bar of the one-year statute of limitations. (ECF No. 18 at 4-5). He contends he is actually innocent and need only provide substantive proof of such by demonstrating that it is more likely than not that no reasonable juror would have convicted him had the evidence been brought to light at the trial. *Id.* The document Whitney contends establishes his actual innocence is a supplemental report completed by Detective Frisard and entered by Detective Schrock on June 4, 2014. (ECF No. 19 at 7). Whitney maintains this document was not provided during discovery in his criminal trial. *Id.* The report provides:

> Washington County Prosecutor Denis Dean sent a subpoena to Cox Communications for information about an IP address (70.182.116.2) that was being used by James Whitney's e-mail account. Deputy Prosecutor Dean thought this was strange due to the date of activity of the email account (March 2013) since James Whitney was in custody at the Washington County Detention Center at the time.
>
> The subpoena return from Cox Communications indicated Complete Computer Solutions located at 1116 S. Walton Blvd. suite 126, Bentonville Arkansas was subscribed to the IP address (70.182.116.2) at that time. The subpoena return

> listed Mark Spencer as the customer name associated with the account.
>
> I made contact with Mark Spencer at the above mentioned address/place of business. I explained to Mark my reason for being there and asked if he knew James Whitney, which he did not. Mark checked his business records to see if James Whitney was ever a customer but he had no record. I told Mark the IP address (70.182.116.2) belonging to him was used by James Whitney's email account. Mark seemed surprised at first, then I told him the date associated with the use of the IP address. Mark told me that his computer business is also an Internet Service Provider (ISP) and the IP address listed during March 2013 was assigned to public Wifi at XNA airport. Mark did not have any further information to provide for this investigation.

*Id.* Whitney contends this report establishes that the "Yahoo account associated with the charges was in use while I was in custody of [the]Washington County Detention Center." (ECF No. 6 at 6).

In *McQuiggen v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that "actual innocence," if proved, may serve as a gateway to overcome a statute of limitations defense in habeas corpus cases. *Id.* at 386. The Court cautioned "that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). The Court noted that this miscarriage of justice exception "applies to a severely confined category" of cases *Id.* at 394; *see also Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir. 1997)(only a narrow class of cases implicate a fundamental miscarriage of justice which could result in the incarceration of an innocent person). The Court also made clear that "[u]n explained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." *McQuiggen,* 569 U.S. at 399.

Here, the new evidence relied upon by Whitney is the supplemental report quoted above.

12

The report only establishes that an IP address assigned to an airport's Wi-Fi was being used by James Whitney's email account in March of 2013 while he was incarcerated. There could be any number of explanations for this.

The evidence at trial showed: (1) the computers were taken into evidence on August 5, 2012, and August 10, 2012; (2) Teena Whitney testified that she and James Whitney had lived alone since 2010; (3) Teena Whitney testified that no one but James Whitney used the computers; (4) the forensic analysis report was dated March 26, 2013, and established that the images were found in computer files labeled Whitney; (5) the images had been created in April and May of 2010; (6) the Yahoo chat transcripts were admitted to show motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident; (7) Detective Schrock, a detective in the child-crimes-division, testified the images depicted prepubescent females who appeared under the age of eighteen; and (8) the jurors were provided with the images and could determine whether the images were of prepubescent females under the age of eighteen.

Whitney has failed to establish that he has met the miscarriage of justice standard because the undersigned cannot conclude that no reasonable juror could find him guilty beyond a reasonable doubt even taking into consideration the supplemental report. Whitney's petition is therefore barred by the one-year statute of limitations.

### III. CONCLUSION

Based upon the foregoing, the undersigned hereby recommends that Whitney's Motion to Vacate filed pursuant to 28 U.S.C. § 2254 be DENIED and DISMISSED.

An appeal may not be taken in this matter unless the Court issues a certificate of appealability, which shall be issued only if "the applicant has made a substantial showing of the

denial of a constitutional right." 28 U.S.C. §§ 2253(c)(1)(A). A "substantial showing" is a showing that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based upon the above analysis of Whitney's § 2254 motion, the undersigned does not believe that there is any basis for the issuance of a certificate of appealability and, therefore, recommends that a certificate of appealability be denied.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of June 2020.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE