UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JAMES E. WHITNEY                                                                                       PLAINTIFF

v.                                              No. 5:19-CV-05054

WENDY KELLEY, Director,
Arkansas Department of Correction                                                          DEFENDANT

**OPINION AND ORDER**

On June 12, 2020, Chief United States Magistrate Judge Erin L. Wiedemann entered a report and recommendations (Doc. 20) recommending dismissal of Plaintiff's habeas petition. On June 30, the Court entered an order (Doc. 21) adopting the report and recommendations and judgment (Doc. 22) dismissing the case with prejudice. On July 9, the Clerk entered[1] Plaintiff's motion (Doc. 23) for extension of time to file his objections to the report and recommendations, which was accompanied by those objections (Doc. 23-1).

The motion for extension of time to file explains that the report and recommendations, though mailed by the Clerk on June 12, was not received by the prison where Plaintiff is held until June 30.[2] Plaintiff states that his prison reported its first official case of covid-19 in May, and that since that time Plaintiff has been subject to various quarantine and isolation protocols that have denied him access to the law library and other services available to him and necessary for pursuing his case. Plaintiff's motion demonstrates both good cause for an extension and excusable neglect for the delay in filing this motion, and the motion to extend is GRANTED. The Court's prior order (Doc. 21) adopting the report and recommendations and the judgment (Doc. 22) are VACATED.

The Court has now conducted de novo review of the report and recommendations in light

---

[1] Following the prison mailbox rule, Plaintiff's objections were filed on July 6, 2020.
[2] The deadline to file objections to the report and recommendations was June 26, 2020.

1

of Plaintiff's objections. 28 U.S.C. § 636(b)(1). Plaintiff has made no demonstration that review of any documents not presently in the record would change the outcome of the findings on tolling or granting an exception to the statute of limitations.

Plaintiff also has not shown that his petition is timely. In addition to its own docket, the Court has reviewed the Arkansas court dockets available on the Internet at https://caseinfo.arcourts.gov for case numbers CR-16-964 (Plaintiff's direct appeal to the Arkansas Court of Appeals) and CR-17-534 (Plaintiff's attempted appeal to the Arkansas Supreme Court). Represented by an attorney, Plaintiff appealed his conviction to the Arkansas Court of Appeals on October 27, 2016. *James Edward Whitney v. State of Arkansas*, CR-16-964 (Ark. Ct. App. Oct. 27, 2016). The Court of Appeals affirmed his conviction and sentence on May 24, 2017. *Whitney v. State*, 520 S.W.3d 326 (Ark. Ct. App. 2017). Any petition for rehearing of that opinion was due by June 12, 2017, at the latest. Ark. R. Sup. Ct. 2-3(a) (setting deadline of 18 calendar days from decision for filing of a petition for rehearing); Ark. R. App. P. Cr. 17 (extending to next business day any deadline under the Arkansas Rules of the Supreme Court and Court of Appeals that falls on a weekend or legal holiday).

Plaintiff filed a pro se petition for rehearing in the Arkansas Court of Appeals on June 6, 2017. The pro se petition for rehearing did not request review of the May 24 opinion, however, but instead requested review of an earlier order denying him leave to file a pro se brief to supplement the brief filed by his lawyer on appeal. *See* Response to Petition for Rehearing, *Whitney v. State of Arkansas*, CR-16-964 (Ark. Ct. App. June 8, 2017).

Plaintiff was not sentenced to the death penalty or to life imprisonment, and so could not appeal the opinion of the Arkansas Court of Appeals to the Arkansas Supreme Court as a matter of right. Ark. R. Sup. Ct. 1-2(a), (e). His petition for review in the Arkansas Supreme Court of

the May 24 opinion of the Arkansas Court of Appeals was required to be filed within 10 days of the later of the deadline to file a petition for rehearing of that opinion or an order disposing of a timely petition for rehearing. Ark. R. Sup. Ct. 2-4(a). Because Plaintiff did not petition the Arkansas Court of Appeals for rehearing of the opinion affirming his conviction, the deadline to petition the Arkansas Supreme Court for review of the opinion was 10 days after the June 12 deadline—June 22, 2017. Plaintiff's petition for rehearing was not filed in the Arkansas Supreme Court until June 27, 2017,[3] and his motion to file a belated petition was denied on November 9, 2017. *Whitney v. State of Arkansas*, CR-17-534 (Ark. June 27, 2017). It appears that because the motion to file a belated petition was denied on procedural grounds, the Arkansas Supreme Court did not consider, and so did not deny, discretionary review. Plaintiff petitioned for a writ of certiorari to the United States Supreme Court to review the decision of the Arkansas Supreme Court, and that petition was denied on May 21, 2018.

In this habeas case, the 1-year limitations period runs from "the date on which the [State court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Taking into account the deadline to file a petition for certiorari to the Supreme Court of the United States, because review by the Arkansas Supreme Court was discretionary, and because the Arkansas Supreme Court never considered the merits of the petition for review, but instead decided it was not timely filed, the expiration of the time for seeking direct review of this case was 90 days after entry of the Arkansas Court of Appeals opinion on May 24, 2017. Sup. Ct. R. 13. That date was August 22, 2017. The petition in this case was filed March 21, 2019, and is barred by the statute of limitations.

---

[3] Because this petition for review was a direct appeal, it does not appear that the mailbox rule set out in Arkansas Rule of Criminal Procedure 37.1 applies.

IT IS THEREFORE ORDERED that the report and recommendations (Doc. 20) is ADOPTED and the petition for a writ of habeas corpus (Doc. 6) is DENIED. No certificate of appealability shall issue. This case is DISMISSED WITH PREJUDICE. Judgment will enter separately.

IT IS SO ORDERED this 13th day of July, 2020.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE